IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CR-237-D

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ANDREW LEONARD LEAK, | ) | |
| | ) | |
| Defendant. | ) | |

On August 6, 2014, this court held Andrew Leonard Leak's ("Leak") sentencing hearing concerning Leak's guilty plea to possession with intent to distribute a quantity of cocaine and aiding and abetting in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. See [D.E. 309]; Sentencing Tr. [D.E. 329] 32–38. Leak was a member of an extraordinarily violent criminal enterprise run by Tavaris Battle. The court calculated Leak's total offense level to be 21, his criminal history category to be IV, and his advisory guideline range to be 57 to 71 months' imprisonment. See Sentencing Tr. 20–25. The court then upwardly departed under U.S.S.G. § 5K2.2 (physical injury), § 5K2.4 (abduction or unlawful restraint), § 5K2.6 (weapons and dangerous instrumentalities used or possessed in commission of an offense), § 5K2.8 (extreme conduct), and § 5K2.21 (dismissed and uncharged conduct). See Sentencing Tr. 16–26. Leak's advisory guideline range became 168 to 210 months' imprisonment based on a criminal history category of IV and total offense level of 32. See id. 20–27. The court then considered and granted the government's motion for a downward departure under U.S.S.G. § 5K1.1. See id. 26. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Leak to 132 months' imprisonment. See id. 32–38.

On August 13, 2014, Leak appealed. See [D.E. 306]. On August 14, 2015, the Fourth Circuit affirmed the court's judgment. See United States v. Whitaker, 612 F. App'x 196, 197–98

(4th Cir. 2015) (per curiam) (unpublished).

On July 29, 2015, and September 9, 2015, Leak moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines. See [D.E. 389, 396]. Leak's new advisory guideline range is 63 to 78 months' imprisonment based upon a total offense level of 22 and a criminal history category of IV. On September 9, 2015, Leak filed a memorandum in support of his motion for reduction of sentence and requested a 107-month sentence. See [D.E. 397].

The court has discretion to reduce Leak's sentence. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Leak's sentence, the court finds that Leak engaged in extraordinary violence as part of his criminal conduct and also engaged in serious drug dealing. See Sentencing Tr. 6–37; Presentence Investigation Report ("PSR") [D.E. 270] ¶¶ 1–23. Moreover, when not incarcerated, Leak has a poor work history and a history of substance abuse. See id. ¶¶ 49–55. Nonetheless, the court recognizes that, while incarcerated on his federal sentence, Leak has taken some positive steps. See [D.E. 397] 6–9; cf. Pepper v. United States, 562 U.S. 476, 491 (2011); U.S.S.G. § 1B1.10, App. Note 1(B)(iii).

Having reviewed the entire record and all relevant policy statements, the court finds that Leak received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a) and finds that reducing Leak's sentence would threaten public safety in light of his violent behavior and serious criminal conduct. Cf. U.S.S.G. § 1B1.10, App. Note 1(B)(ii). Leak's violent behavior,

2

serious criminal conduct, poor work history, and substance abuse history substantially outweigh his positive conduct in federal prison and the policy statements permitting a sentence reduction. Thus, the court denies Leak's motions. See, e.g., Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, Leaks's motions for a sentence reduction [D.E. 389, 396] are DENIED.

SO ORDERED. This __8__ day of March 2016.

JAMES C. DEVER III
Chief United States District Judge

3